### CLEVELAND & S. W. TRACTION CO. v. HAMNER.

1. CHARGE THAT PLAINTIFF IN PERSONAL INJURY SUIT CAN RECOVER FOR EPILEPSY, IF IT BE EITHER THE ACTUAL RESULT OR A NATURAL CONSEQUENCE OF INJURIES SUSTAINED IS ERRONEOUS.

In an action for personal injuries, in which the petition alleged that the plaintiff had become subject to epilepsy as a consequence of the injuries sustained in the accident in controversy, a charge to the jury, which says, in substance, that the plaintiff may recover for such epileptic condition if it be either the actual result, or merely a natural and probable consequence of the injury, is erroneous; in such case, the court should have charged the jury to find whether epilepsy was a natural and probable result under the circumstances of the case, and if so, whether or not plaintiff's epilepsy, if any exist, did in fact result from the injuries alleged in the petition and actually suffered by him.

2. IN PERSONAL INJURY SUIT, ENUMERATION OF INJURIES EXCLUDES ALL OTHERS FROM CONSIDERATION UNLESS THEY NATURALLY AND PROBABLY FOLLOW.

In an action for damages for personal injuries, the enumeration in the petition of consequential injuries excludes from the consideration of the jury. all other injuries except such as are shown to be the natural and probable results of the ones expressly mentioned.

ERROR to Lorain common pleas court.

W. W. Boynton and C. W. Collister, for plaintiff in error.

Skiles, Green & Skiles and Lee Stroup, for defendant in error.

HENRY, J.

This is a personal injury damage case. Hamner was a passenger and hurt in a collision. He recovered a large judgment which the traction company here seeks to reverse. We shall discuss only one or two of the assignments of error, the others being in our opinion clearly unfounded.

It is complained that although epilepsy was not mentioned in the petition's recital of Hamner's injuries, evidence thereof was admitted and the jury under the charge was permitted to consider it as an element of damages, and that, too, whether they found that it was the actual result, or merely a natural and probable consequence, of the initial injury.

Of course, the petition's enumeration of consequential injuries must be held to be exclusive of any and every such injury that is not a natural and probable result of those expressly mentioned.

Whether epilepsy was such a natural and probable result, was

Traction Co. v. Hamner.

therefore a preliminary question for the jury, under the evidence rightly admitted in that behalf.

In case they found epilepsy to be an ordinary consequence of the injuries averred, they should have been directed to find whether the plaintiff's epilepsy, if any, did in fact result from any of the injuries mentioned in his petition and actually suffered by him.

Instead of thus marshalling these propositions in due subordination, the court charged that they were alternative conditions of recovery for epilepsy as an element of plaintiff's damages, saying in substance that plaintiff might recover therefor if it were either the actual result, or merely a natural and probable consequence.

I quote, from page 31 of the bill of exceptions, the court's charge on this point:

"If you find that the plaintiff has the disease of epilepsy; I say to you, that the defendant is not liable therefor, unless you find that such disease is the direct result of the injury received by plaintiff, or is a probable and natural consequence of the injury caused to plaintiff by defendant's negligence, and one which, according to common experience and the usual course of events, might reasonably have been anticipated. And if, on this subject, the evidence is so evenly balanced that you are unable to say what the truth is in that behalf, or if you find that said disease was not the direct result of said injury and was not a probable and natural consequence of such injury, and one which, according to common experience and the usual course of events might reasonably have been anticipated, then the plaintiff has failed to sustain the burden which the law requires, and you should not allow damages for the plaintiff having such disease, if you find he has such disease.

"But, if you find plaintiff has such disease, and that it is the direct result of the injuries received by the plaintiff, or that it is a probable and natural consequence of injuries received by plaintiff in said collision, and one which, according to common experience and the usual course of events, might reasonably have been anticipated, then you should consider that fact in assessing damages."

The jury were thus erroneously permitted to award plaintiff damages for epilepsy, even though they should find that it was not an actual consequence of the accident.

For this error in charging the jury, the judgment is reversed and the cause remanded.

**Marvin** and **Winch, JJ.,** concur.